IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THEODORE HANSEN, et. al.                 *

        Plaintiffs              *

      v.                     * CIVIL ACTION NO. AMD-05-1248

CORESTAR FINANCIAL GROUP, LLC, et. al.  *

                        *

        Defendants

*     *     *     *     *     *     *     *


**MOTION FOR CONDITIONAL CERTIFICATION UNDER 29 U.S.C.
SECTION 216(b) AND REQUEST FOR COURT NOTIFICATION TO
POTENTIAL CLASS MEMBERS OF OPT–IN RIGHTS AND DEADLINE**


1. Plaintiffs filed the original complaint in this matter on May 9, 2005.

2. Defendant Corestar has engaged in a corporate-wide pattern and practice of knowingly failing to comply with the requirements of the Fair Labor Standards Act ("FLSA").

3. This failure to comply with the FLSA includes the knowing failure to pay overtime to loan officers, telemarketers, loan administrators, and other non-exempt employees in violation of 29 U.S.C. § 207(a)(1).

4. This failure to comply with the FLSA also includes the failure to pay minimum wage and overtime to commission only loan officers in violation of both 29 U.S.C. § 206(a)(1) and  29 U.S.C. § 207(a)(1).

5. The plaintiffs are similarly situated with all other loan officers and loan administrators at Corestar because all were denied overtime in violation of the Fair Labor Standards Act.

6. Plaintiffs Steinrucken and Manna are also similarly situated with those loan officers paid on a commission only basis as they were not paid a minimum wage or overtime.

7. Under the Fair Labor Standards Act, Section 216 (b) (29 U.S.C. Section 216(b) potential plaintiffs are required to opt-in to this lawsuit.

8. Plaintiffs requests that the Court supervise the op-in notice provision as contemplated by the United States Supreme Court in <u>Sperling v. Hoffman-LaRoche Inc.</u>, 493 U.S. 165 (1989) and in other case law cited in Plaintiffs' memorandum.

9. Plaintiffs request that this supervision include approval of the proposed notice setting forth the individuals' opt-in rights and that they cannot be retaliated against by Corestar and Gordon for opting in to the lawsuit.

10. Plaintiffs further request that the Court order that Defendant Corestar produce a list of names and last-known addresses in electronic form of all Loan Administrators, Loan Officer and Senior Loan Officers employed by Corestar from May 9, 2002 to the present.

11. Plaintiffs will then notify the potential class members and file with the Court all consents to become a party plaintiff.

12. Plaintiffs also propose that the Court order Corestar to post the Court notice on all employee bulletin boards.

13. Court supervision of the notice is in the interests of justice and will ensure efficient administration of this lawsuit.

14. Plaintiffs do not have access to the names and addresses of the numerous Corestar employees who have been underpaid in violation of the FLSA. Absent Court notice Corestar will profit by avoiding any payment obligation to its numerous present and former employees who have been underpaid pursuant to this illegal scheme.

15. While such Court supervision is common to ensure the interests of justice it is particularly important in this case because the owner and Chief Executive Officer of Corestar, Defendant Tomas Gordon, has engaged in intimidation tactics that have caused the employees and ex-employees covered by this lawsuit to fear for their employment and to fear million dollar counterclaims for defamation if they join the lawsuit.

16. Defendant Gordon stated that he would start his retaliation with Plaintiff Conner by filing a million dollar lawsuit against him. He did this in the Baltimore City Circuit Court.

17. Defendant Gordon has also threatened other plaintiffs including Atkinson and Thomson.

18. Potential class members are not aware of the anti-retaliation provisions of the FLSA. A Court supervised notice of opt-in will ensure that their rights are protected.

19. Affiants Conner, Morgan and Thomson provided sufficient evidence that Corestar had engaged in a corporate wide practice of deny overtime to all similarly situated telemarketing and loan officer employees.

20. Plaintiffs proposed Notice to Potential Class Members and Consent to Become Party Plaintiff and the related proposed notice procedures are based on the Court's decision in Barnett v. Countrywide Credit Industries Inc., 2002 U.S. Dist. LEXIS 9099 (N.D. Tex. May 21, 2002).

21. Plaintiffs respectfully request that all those who file a Consent to Become a Party Plaintiff consistent with the requirements set forth in the proposed Notice to Potential Class Members and Consent to Become Party Plaintiff be permitted to join this lawsuit.

22. Absent a Notice to Potential Class Members Plaintiffs believe that the interests of justice and rule of law will be thwarted by Defendants' Corestar and Gordon's conduct.

23. Federal Rule of Civil Procedure 23 does not govern this collective action.

Respectively submitted,


_____/s/_____
E. Patrick McDermott (Bar No. 07262)
Law Office of E. Patrick McDermott LLC
2666 Ogleton Road
Annapolis, Maryland 21403
410-990-0792


_____/s/_____
William B. Bergen, Jr. (Bar No. 02461)
Law Office of William Bergen, LLC
607 Dreams Landing Way
Annapolis, Maryland 21401
410-224-0535